Tanya SCHWENK;  et al.,
Plaintiffs–Appellants,

v.

COUNTY OF ALAMEDA;  et al.,
Defendants–Appellees.

No.  07–16525.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2009.

Filed Feb. 2, 2010.

David  J.  Beauvais,  Esquire,  Oakland,
CA, for Plaintiffs–Appellants.

Sadhana D. Narayan, Esquire, The Na-
rayan Law Firm, San Mateo, CA, for De-
fendants–Appellees.

Before:  SCHROEDER and
CALLAHAN, Circuit Judges, and
LYNN,* District Judge.

MEMORANDUM **

Tanya  Schwenk  and  her  son,  Christo-
pher  Schwenk,  appeal  the  district  court's
order  granting  the  appellees'  motion  to
dismiss  their  § 1983  complaint.  We  have
jurisdiction  under  28  U.S.C.  § 1291.  We

* The  Honorable  Barbara  M.G.  Lynn,  United
  States District Judge for the Northern District
  of Texas, sitting by designation.

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

affirm in part, reverse in part, and remand for further proceedings.[1]

■ The district court erred by dismissing the case in light of Tanya Schwenk's well-pleaded allegation that she was Christopher's legal custodian. When ruling on the motion to dismiss, the district court was required to take as true Schwenk's allegation of legal custody, unless contradicted by a matter properly before the court. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). The district court properly took judicial notice of an interim order of the Alameda County Family Court, dated May 11, 2004, which transferred physical custody of Christopher from Tanya Schwenk to his father and which gave Tanya Schwenk "visitation with [Christopher] every Sunday at 7:30 a.m. until Sunday at 9:00 p.m." *See Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001); Fed.R.Evid. 201. However, because the order was silent on the matter of legal custody, the district court erred by concluding that Tanya Schwenk did not have a legal basis to challenge the seizure of Christopher. *Burke v. County of Alameda,* 586 F.3d 725, 733 (9th Cir.2009) (noting that a parent without physical custody may have legal custody, and recognizing such parent's liberty interest in the care, custody, and management of their children); *see also Brittain v. Hansen,* 451 F.3d 982, 992 (9th Cir.2006) (recognizing that parents without legal custody but with visitation rights maintain a liberty interest in the care, custody, and management of their children, albeit a reduced one); Cal. Fam. Code § 3003.

■ We affirm the dismissal as to Lacativo on the basis of qualified immunity. At the time of the alleged conduct, we had not yet decided *Burke,* which expressly held that "parents with legal custody, regardless of whether they also possess physical custody of their children" have a liberty interest in the care, custody, and management of their children. 586 F.3d at 731, 733–34. Accordingly, the right was not yet clearly established, *id.* at 734, and Lacativo is entitled to qualified immunity. *Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009).

Because the district court erred in its assessment of appellants' alleged rights, the court, on remand, should reevaluate their claims against the County pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[2] On remand, the district court should also address the claims purportedly asserted by Christopher Schwenk, as to which its earlier order was silent.

**AFFIRMED** in part; **REVERSED** in part, and **REMANDED** for further proceedings. Each party shall bear its own costs.

1. Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of this case.

2. We agree with the district court that appellees' arguments urging dismissal under the *Rooker–Feldman* doctrine are without merit. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).